Opinion issued February 2, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00449-CR

____________

 








steffi camacho, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1292103

 

 



MEMORANDUM
OPINION








          Appellant,
Steffi Camacho, pleaded guilty to the felony offense of money laundering
pursuant to an agreement with the State that adjudication of guilt be deferred.  The trial court deferred adjudication, placed
appellant on four years of community supervision, and assessed a $400 fine.  Appellant filed a pro se notice of appeal.  We dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification correctly
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2); Hargesheimer v. State,
182 S.W.3d 906, 913 (Tex. Crim, App. 2006) (holding that plea bargain is
complete at time defendant enters plea of guilty in exchange for deferred
adjudication community supervision).  Appellant
did not appeal any pre-trial matters, and the trial court did not give
permission for appellant to appeal.  See Tex.
R. App. P. 25.2(a)(2).  The record
supports the trial court’s certification. See
Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); Hargesheimer, 182 S.W.3d at 913 (stating
that Rule 25.2 restricts appeal when defendant appeals placement on deferred adjudication
community supervision).  Because
appellant has no right of appeal, we must dismiss the appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”).

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Keyes, Bland, and Sharp.

 

Do not publish. 
Tex. R. App. P. 47.2(b).